UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR ENVIRONMENTAL HEALTH, et al.,

Plaintiffs,

v.

SONNY PERDUE, et al.,

Defendants.

Case No. 18-cv-01763-RS   (TSH)

**DISCOVERY ORDER**

Re: Dkt. Nos. 91, 92, 93, 96

On January 19, 2017, the United States Department of Agriculture ("USDA") published a final rule setting detailed standards for organically produced livestock. The Organic Livestock and Poultry Practices ("OLPP") Rule was set to become effective on March 20, 2017, but the USDA delayed the effective date of the rule three times, before finally withdrawing it in March 2018. Plaintiffs challenge the withdrawal of that rule, arguing that the revocation is unlawful under the Organic Foods Production Act ("OFPA") and arbitrary and capricious and unlawful under the Administrative Procedure Act ("APA").

"Generally, judicial review of agency action is limited to review of the record on which the administrative decision was based." *Thompson v. U.S. Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). The APA provides that "the court shall review the whole record or those parts of it cited by a party . . ." 5 U.S.C. § 706. In the Ninth Circuit, "[t]he 'whole' administrative record . . . consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's decision." *Thompson*, 885 F.2d at 555 (citation and emphasis omitted). Accordingly, Judge Seeborg ordered the USDA to include internal materials in the administrative record and required it to produce a privilege log of any

1    materials withheld based on the deliberative process privilege.  ECF No. 76.

2          The USDA has since produced a privilege log with 1,025 entries.  ECF No. 91-1.

3    Plaintiffs contend the USDA has failed to segregate purely factual information from its

4    withholdings, that the privilege log fails to provide sufficient information describing why the

5    deliberative process privilege applies, and that even for the documents that might be deliberative,

6    the privilege is a qualified one and Plaintiffs can overcome it.  Each side has submitted for in

7    camera review a selection of 15 documents from the privilege log.  *See* ECF Nos. 91, 92, 93, 96.

8    **A.      Legal Standard**

9          To qualify for protection under the deliberative process privilege, "a document must be

10   both (1) predecisional or antecedent to the adoption of agency policy and (2) deliberative, meaning

11   it must actually be related to the process by which policies are formulated." *Nat'l Wildlife Fed'n*

12   *v. U.S. Forest Service*, 861 F.2d 1114, 1117 (9th Cir. 1988) (citation, quotation marks and

13   emphasis omitted).  "These twin requirements recognize that the underlying purpose of this

14   privilege is to protect[] the consultative functions of government by maintaining the

15   confidentiality of advisory opinions, recommendations, and deliberations comprising part of a

16   process by which governmental decisions and policies are formulated."  *Id*. (citation and quotation

17   marks omitted).

18         "By maintaining the confidentiality of the give-and-take that occurs among agency

19   members in the formulation of policy, the deliberative process privilege . . . encourages frank and

20   open discussions of ideas, and, hence, improves the decisionmaking process."  *Id*. (citation

21   omitted).  As the Ninth Circuit has explained, the privilege "prevent[s] the disruption of a free

22   flow of ideas, opinions, advice and frank discussions within agencies concerning their policies and

23   programs.  In furtherance of this objective the courts have allowed the government to withhold

24   memoranda containing advice, opinions, recommendations and subjective analysis."  *Id*. (citations

25   omitted).

26         "Given the underlying purpose of this privilege, it is no surprise that [f]actual material that

27   does not reveal the deliberative process is not protected by this exemption."  *Id*. (citation omitted).

28   Nonetheless, "in a complicated case . . . a better analytical tool than merely determining whether

United States District Court
Northern District of California

the material itself was essentially deliberative or factual should be used:  we should focus on whether the document in question is a part of the *deliberative process*." *Id*. at 1118 (citation omitted, emphasis original).  "Hence, even if the content of a document is factual, if disclosure of the document would expose the decision-making process itself to public scrutiny by revealing the agency's evaluation and analysis of the multitudinous facts, the document would nonetheless be exempt from disclosure." *Id*. (citation omitted).  "In other words, the document is considered to be part of the deliberative process as long as it is actually . . . related to the *process* by which policies are formulated." *Id*. (citation omitted, emphasis original).  "Accordingly, the deliberative process privilege has been held to cover all recommendations, draft documents, proposals, suggestions and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency, as well as documents which would inaccurately reflect or prematurely disclose the views of the agency." *Id*. at 1118-19 (citation omitted).

Further, "[t]he deliberative process privilege is a qualified one.  A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).  "Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id*.

The APA requires "a thorough, probing, in-depth review" of an agency decision to determine whether it was arbitrary and capricious, an abuse of discretion or otherwise not in accordance with law. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415-16 (1971).  "Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  "The reviewing court should not attempt itself to make up for

such deficiencies: We may not supply a reasoned basis for the agency's action that the agency itself has not given." *Id*. (citation and quotation marks omitted).

Without doubt, "[t]here is a tension between the court's duty to consider whether the decision was based on a consideration of the relevant factors, on the one hand, and a privilege that protects from disclosure deliberative documents reflecting the factors the agency considered in making its decision." *Desert Survivors v. U.S. Dep't of Labor*, 231 F. Supp. 3d 368, 382 (N.D. Cal. 2017). "There can be no doubt that under some circumstances, pre-decisional deliberative communications may go to the heart of the question of whether an agency action was arbitrary and capricious, an abuse of discretion or otherwise inconsistent with the law under Section 706(2) of the APA." *Id*.

However, "the appropriate way to address these circumstances is through in camera review and a rigorous application of the balancing test set forth in *Warner* rather than rejecting the application of the privilege altogether in cases involving APA record review." *Id*. at 382-83. First, it is unclear "that the APA's 'whole record' requirement, as interpreted by the federal courts, is necessarily inconsistent with the assertion of the deliberative process privilege. In particular, it is apparent from the case law that the phrase 'whole record' is a term of art that under some circumstances, at least, does not extend to privileged communications." *Id*. at 383. "Second, federal courts, including the Ninth Circuit, have accepted the general premise that forced disclosure of predecisional deliberative communications can have an adverse impact on government decision-making." *Id*. This concern "appears to be no less salient when disclosures are required in APA record review cases than in other contexts." *Id*.

Further, the balancing test set forth in *Warner* provides appropriate guidance for determining when the qualified privileged has been overcome. The first factor is relevance. Documents that are "relatively polished" or that critique and analyze proposed agency action are more likely to be relevant. *See id*. at 384. The second *Warner* factor – the availability of other evidence – may depend on whether the content of the withheld documents is available to the plaintiffs elsewhere in the administrative record. *See id*. at 384-85. The third *Warner* factor – the nature of the government's role in the litigation – will normally tip against the government in an

United States District Court
Northern District of California

APA case where the government is the defendant whose actions are being challenged. *See id*. at 385. "Finally, the fourth *Warner* factor, which asks whether the disclosure of a document or communication is likely to have a chilling effect, need not give rise to a uniform answer." *Id*. "[T]he disclosure of some types of documents will be less likely to cause embarrassment or chilling than others." *Id*. The disclosure of preliminary drafts is "not likely to chill speech, even though such documents might be used to recreate the course of the decisionmaking process because [t]hese are relatively polished drafts, and the recreation of the decisionmaking process should in no way embarrass the agencies." *Id*. (citation and quotation marks omitted). "On the other hand," disclosure of preliminary staff views or tentative opinions "might chill speech." *Id*. (citation and quotation marks omitted). "These documents represent the give-and-take of the agencies' internal deliberations, and their disclosure would discourage such deliberations." *Id*. at 386 (citation omitted).

"In sum . . . the deliberative process privilege is available in APA cases but because it is a qualified privilege, courts must look to the specific circumstances, applying the approach set forth in *Warner*, to determine whether the privilege should be upheld as to particular documents and communications." *Id*. (emphasis omitted).

**B.     Plaintiffs' Documents**

With this background, the Court now turns to the documents that Plaintiffs have selected for in camera review. The Court's discussion of each document is necessarily limited because Defendants have claimed privilege.

**Document 1** (CONGREPT FORM AMS-NOP-15-0012.doc, 9/16/2014). This is a draft form dated September 2014, several years before OLPP was promulgated. Defendants' description of this document in their privilege log ("Form reflecting certain legal analysis of a draft Options Rule") is not a good description. Technically, the Court supposes this draft form reflects some legal analysis, but that's not the gist of what this document is. In any event, the Court has a hard time understanding how this document is deliberative. It's not true that every draft of everything is part of a policy-making deliberation. But if this document is privileged, the *Warner* factors do not overcome the privilege because this document is irrelevant to this case.

**Document 2** (Copy of C-OLPP All Costs Benefits FINAL.xlsx, 12/16/2016). This document is predecisional and for the most part deliberative.

      **Issue A.** The tab "layer house ages," if stripped of staff comments, looks like a standalone fact section of historical information. The government must explain how the disclosure of this factual information would reveal the deliberative process.

      **Issue B.** The privilege log description does not enable the Court to apply the *Warner* factors to the portions of this document that are forward-looking and deliberative, and how those factors apply is not evident from looking at the document itself. Is this information elsewhere in the administrative record, such that Plaintiffs have it in some other form? How polished in this draft? Does it reflect preliminary staff views, or a more thorough analysis?

**Document 3** (RE: OLPP Options.msg, 2/6/2017). This document is privileged, and from looking at it the Court can tell the *Warner* factors do not overcome the privilege.

**Document 4** (USDA ACTIONS SUBJECT TO REGULATORY FREEZE.docx, 2/13/2017). The Court's analysis is the same for this document as for document 2, issue B.

**Document 5** (OLPP_00143499, AMS-NOP-15-0012 workplan PR3.docx, 4/27/2016). This document is mis-dated on the privilege log. The content indicates its actual date is either late 2017 or early 2018. The Court's analysis is otherwise the same as for document 2, issue B.

**Document 6** (OLPP memo.msg, 4/5/2017). The Court's analysis is the same as for document 3.

**Document 7** (Outgoing to Nichols Egg Ranches (3 letters).docx, 5/22/2017). As with document 1, the Court does not see why this document is deliberative. But if it is, the *Warner* factors do not overcome the privilege because this document is irrelevant.

**Document 8** (OLPP Next Steps_7.31.17.docx, 7/31/2017), **Document 9** (OLPP Next Steps_8-1-17.docx, 8/1/2017): The Court's analysis is the same as for document 2, issues A and B.

**Document 10** (AMS-NOP-17-0031 [redacted].doc, 8/15/2017): The Court's analysis is the same as for document 2, issue B.

6

**Document 11** (AMS 15-1 OLPP.PDF, 8/29/2017). The Court's analysis is mostly the same as for document 3, except that the "Justification for Planned Action" section looks like a standalone fact section, so the Court's analysis as to that portion of the document is the same as for document 2, issue A.

**Document 12** (FW: Organic Livestock and Poultry Practices .msg, 11/1/2017). The Court's analysis is the same as for document 3.

**Document 13** ([redacted] final rule_3pm.doc, 11/8/2017), **Document 14** (AMS-NOP-15-0012 workplan FR3 coverletter.doc, 11/14/2017): The Court's analysis is the same as for document 2, issues A and B.

**Document 15** (2/16/2018). The "background" section of this document appears to have segregable factual information that raises the same issue as document 2, issue A. The remainder of the document is deliberative, and the *Warner* factors do not overcome the privilege because the remaining portions of the document are irrelevant.

Accordingly, the Court **ORDERS** Defendants to provide revised privilege log entries for documents 1, 2, 4, 5, 7-11, and 13-15 within 14 days. The Court **SUSTAINS** Defendants' privilege objections as to documents 3, 6, and 12.

**C.      Defendants' Documents**

The Court now turns to the documents Defendants have selected for in camera review.

**Document 1** (AMS-NOP-15-0012 OLPP FR321518 (002)_EOP and SBA comments.docx). This is a draft of the OLPP withdrawal rule containing edits and comments by staff. It is predecisional and deliberative. There is factual information in the draft rule, but it can't be segregated from the deliberative process because in the various drafts of the rule, the way the factual information is described changes. From looking at this document, the Court can tell the *Warner* factors do not overcome the privilege.

**Document 2** (AMS-NOP-17-0031 OLPP Third PR1142017-1530.docx), **Document 3** (AMS-NOP-17-0031 OLPP Third PR11222017_OBPA suggestions.docx): The Court's analysis is the same as for document 1.

**Document 4** ([redacted]_OLPP_[redacted]_5.23pm.docx). The Court's analysis is the

7

same as for document 1 except that this document does not have any factual information in it.

**Document 5** (OLPPPRIA_12132017_845p m_comments.docx), **Document 6** (AMS-NOP-17-0031 OLPP Third PR-RIAONLY.docx), **Document 7** (AMS-NOP-15-0012 OLPP FR3 2.9.18 CLEAN.docx): The Court's analysis is the same as for document 1.

**Document 8** (AMS 2017-24675 clean copy.docx). This is a draft rule, so it is predecisional and deliberative. However, it does not have edits or comments by staff in it, so it does not appear to reflect preliminary staff views. This could be a relatively polished draft. Further, if this is a polished draft, the factual information in it might not reveal the deliberative process. There is no explanation in the privilege log stating whether the information in this document is available elsewhere in the administrative record. Accordingly, the privilege log does not provide enough information to determine (**issue A**) if factual information in it would reveal the deliberative process, or (**issue B**) if the qualified privilege is overcome by the *Warner* factors.

**Document 9** (RE: Organic Livestock and Poultry Practices .msg). This is an internal email exchange reflecting the preliminary views of staff. It is predecisional and deliberative, the factual information cannot be disentangled from the deliberative process, and just by looking at the document the Court can tell that the qualified privilege is not overcome.

**Document 10** (RE: OLPP Designation.msg). The Court's analysis is the same as for document 9.

**Document 11** (OLPP Options_FINAL.docx). The Court's analysis is the same as for document 8, issues A and B.

**Document 12** (OLPP_Key.Decision.P ointTimeline_11.13.1 7_3.07pm.docx). The Court's analysis is the same as for document 8, issue B.

**Document 13** (OLPP [redacted] data sheet OCE reviewed.docx): The Court's analysis is the same as for document 4.

**Document 14** (FW: URGENT-- [redacted]chance for review-FW: OLPP [redacted].msg), **Document 15** (summary of conversation with OMB on OLPP.msg): The Court's analysis is the same as for document 9 except that there is no factual information in these documents.

Accordingly, the Court **ORDERS** Defendants to provide revised privilege log entries for

documents 8, 11 and 12 within 14 days.  The Court **SUSTAINS** Defendants' privilege objections as to documents 1-7, 9, 10, and 13-15.

**D.      Guidance on Revised Privilege Logs**

Federal Rule of Civil Procedure 26(b)(5)(A) states that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Defendants' privilege log in many instances fails this requirement.  For each document, the log states the beginning and ending Bates numbers; the file name; the author; the individuals in the "to," "from" and "cc" lines; the document date; the privilege asserted; and a privilege description.  The privilege description is a brief description of the document.  This log is typical of what a privilege log looks like for the assertion of the attorney-client privilege or the attorney work product doctrine.  And to be fair, although the current briefing addresses only the deliberative process privilege, other entries in this log do assert attorney-client privilege and work product – so this log is doing double duty, so to speak.  However, as to the deliberative process privilege, many entries in the log are inadequate.  *See Cal. Native Plant Soc'y v. U.S. E.P.A.*, 251 F.R.D. 408, 413 (N.D. Cal. 2008) ("The statements do not assert the detail required to show the individual documents' role in the decision making process.").

Let's break this down into two separate inquiries.  The log must show that (1) the document is privileged and (2) the privilege cannot be overcome by the *Warner* factors.  To show that a document is privileged, the government must demonstrate that it is predecisional and deliberative.  If a privileged document has factual information in it, to justify withholding the entire document, the government must show that the factual information would reveal the deliberative process.  As to predecisional and deliberative, a draft of a rule that later became final satisfies those criteria.  Since a rule *is* a decision, a draft of it is necessarily predecisional and is logically part of the deliberations leading up to the rule.  So, saying "draft OLPP withdrawal rule" is sufficient to indicate that the document is privileged (leaving aside the subsequent question

whether the privilege can be overcome).  However, a draft of something *other than* a rule might or might not be predecisional or deliberative, so the privilege log needs some explanation why such a document is privileged.  Most of the Defendants' descriptions are adequate in this respect because they connect the document to the ultimate decision and make clear why the document is deliberative.  *See, e.g.*, Plaintiffs' document 8 ("Briefing memo to the Secretary concerning next steps with respect to options rule and analysis of comments.")  But some of the descriptions fail to do this, such as the ones for Plaintiffs' documents 1 and 7.

Further, as to privileged documents that contain factual information, Defendants' privilege log makes no attempt to explain how withholding the entire document is justified.  As noted above, there are several documents in the set of 30 that the Court has reviewed that appear to contain sections with factual information.  For some, such as edits to the fact sections in the drafts of the rule, the Court can see how those fact sections are part of and would reveal the deliberative process.  For others, it is not apparent from the face of the document how the factual information is part of the deliberative process, so the government must provide "more information," *Kowack v. U.S. Forest Service*, 766 F.3d 1130, 1135 (9th Cir. 2014).

Turning to the *Warner* factors, a pervasive deficiency is Defendants' failure to provide information sufficient to enable the application of those factors to determine if the privilege can be overcome.  Emails between staff or redlined drafts showing edits or comments express preliminary staff views and are not discoverable under the *Warner* factors.  By contrast, documents that are relatively polished or that critique or analyze proposed agency action are likely to be relevant and should be produced unless the content of the documents can be found elsewhere in the administrative record.  Thus, "Draft OLPP withdrawal rule showing edits" is a good privilege description because it shows the document is not discoverable.  But "Draft proposed OLPP withdrawal rule," "Draft EO 12866 section of the proposed OLPP withdrawal rule," "Draft workplan for proposed withdrawal rule discussing analysis of issues and decision points," "Draft spreadsheet regarding economic impact of OLPP withdrawal and other proposed rules," "Draft briefing memo to the Office of the Chief Economist concerning the OLLP withdrawal rule and recommendations regarding that proposed action" and similar entries are insufficient because

those could be relatively polished documents, and there is no indication in the log that their content is available elsewhere in the administrative record. In general, for polished documents that do not have redlines or comments in them, such as a draft rule or memo, Defendants must indicate where in the administrative record the content of those documents can otherwise be found. Further, if there is relevant information in a relatively polished draft that is not anywhere else in the administrative record, Plaintiffs may have a strong argument that the privilege has been overcome as to that draft. Defendants must revise their privilege log to cure these deficiencies.

Defendants complain that there are more than a thousand documents on their log, so providing more detail would be burdensome. However, the Court rejects that argument as exaggerated. Based on the 30 documents the Court has reviewed already, as well as the repetitive descriptions on the existing log, it is obvious that while Defendants claim privilege over a large number of documents, the documents fall into a small number of categories. For example, in the many drafts of certain types of documents, the factual information either would or would not reveal the deliberative process, and the answer and the reason for the answer are not going to be different document-by-document. As another example, it is much less likely that factual information can be disentangled from deliberation in emails. As to the *Warner* factors, the task that will likely be the most work for Defendants is identifying where in the administrative record the content of relatively polished drafts can be found, but in most cases that will presumably be in the final version of the documents of which they are drafts, so this task is not as hard as it might seem.

Further, even if complying with this order is burdensome, the government must do it anyway. The plain language of Rule 26 requires it. For many entries on the privilege log, it is not possible to read the entry and conclude whether the document is protected by the deliberative process privilege or not. In addition, the deliberative process privilege is a qualified privilege. Defendants' failure in many cases to provide sufficient information in the log to enable the application of the *Warner* factors, if allowed to stand, would effectively convert this qualified privilege into an absolute one.

For the documents in sections B and C above, where the Court has ordered Defendants to

revise their privilege log entries within 14 days, Defendants shall provide those revised entries to the Court as well as to Plaintiffs. If the revised entries state that the information in the privileged documents can be found elsewhere in the administrative record, Defendants shall submit those administrative record documents to the Court as well. That way the Court can issue rulings concerning the privileged status of the remainder of the 30 documents.

With respect to the rest of the privilege log, the Court **ORDERS** Defendants to revise it within 60 days consistent with the guidance provided in this order.

**IT IS SO ORDERED.**

Dated: November 18, 2019

THOMAS S. HIXSON
United States Magistrate Judge