UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR ENVIRONMENTAL HEALTH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SONNY PERDUE, et al., <br><br> Defendants. | Case No. 18-cv-01763-RS (TSH) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 97 |

In ECF No. 97 the Court analyzed the deliberative process privilege and its application to this case. This is a follow-up order that analyzes the Defendants' revised privilege log entries and some partially redacted documents they have now produced.

**A.      Plaintiffs' Documents**

The Court previously sustained Defendants' privilege objections to documents 3, 6 and 12 on Plaintiffs' list and ordered Defendants to revise their privilege log as to the remainder.

**Document 1.**  The Court previously had a hard time understanding how this document is deliberative. But the Court found that if this document is privileged, the *Warner* factors do not overcome the privilege because the document is irrelevant to this case. The Court then ordered Defendants to provide a revised privilege log entry for this document within 14 days. They have not done so. Instead, in a letter dated December 2, 2019, Defendants stated their understanding that they need not revise privilege log entries for documents that the Court found irrelevant, including Plaintiffs' documents 1 and 7, even though the Court's order stated that Defendants must do that. Defendants also state that if their understanding of the Court's order is incorrect, they request the opportunity to supplement the revised privilege log entries.

The Court should have explained its reasoning more thoroughly, so here goes. Let's look

at the big picture. The administrative record consists of all documents and materials directly or indirectly considered by agency decisionmakers. *See Thompson v. U.S. Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). The plaintiffs challenging an agency's decision are entitled to the administrative record, except for those parts that are privileged. Relevance, by contrast, is determined by what the plaintiffs' claims are. In most APA cases, large parts of the administrative record will therefore be irrelevant. They are irrelevant not because the agency never considered them, nor because they weren't important to the decisionmaker, but because most plaintiffs allege that an agency did certain, particular things wrong, not that it did absolutely everything wrong. So, when it comes to summary judgment briefing, the two sides will end up focusing on certain key documents in the administrative record, rather than citing every page, because most of what's in the record isn't necessary to look at to resolve the legal challenges at issue. You can imagine an extreme case where an agency engages in intensive, laborious fact-finding about the benefits and detriments of a proposed rule, and then at the last step makes a math error that leads it to the wrong conclusion. If a plaintiff sues to challenge the agency action on the ground that it was based on a math error, the one document showing the error is the only one that's really relevant, but everything the agency considered is still part of the administrative record.

The government's obligation in an APA case is to produce the administrative record, not just the portions of it that are relevant to the challenges at issue. If there are five different lawsuits making five different legal challenges to the same agency decision, there are not five different administrative records, each one tailored to the particular allegations advanced by that plaintiff. There is one administrative record, and each plaintiff gets it. The whole concept of discovery under Rule 26, and the weighing of relevance and proportionality, normally doesn't come into play in APA cases because the government is supposed to produce the administrative record, and in most cases, legal arguments have to be based on what's in or not in the record. But what constitutes the record is determined by what the agency considered, and that's what has to be produced to the plaintiffs.

So, no, the government is not entitled to withhold documents in the administrative record on relevance grounds. If it helps, try thinking of it this way: The APA provides that "the court

2

shall review the whole record or those parts of it cited by a party . . ." 5 U.S.C. § 706. By statutory decree, everything in the administrative record is deemed relevant in an APA case in the sense that it reflects what the agency considered in making the decision at issue, even those items that are not relevant in the Rule 26 sense of the term, meaning that those items do not relate to the claimed errors in the agency's decision.

However, the agency may withhold items in the administrative record on privilege grounds. Here, the Court previously expressed skepticism that this document is privileged but also noted that *if* the document is privileged, the *Warner* factors do not overcome the privilege. But the threshold showing of privilege has not been made. Accordingly, the Court **ORDERS** Defendants to revise the privilege log entry for this document within seven days and to submit the revised entry to the Court.

**Document 2.** The revised privilege log does the trick. This is just a rough draft of OLPP_00000092-101, which was produced to the Plaintiffs. The staff comments show that it is predecisional and deliberative, and even though it is relatively polished (but for the staff comments), the qualified privilege is not overcome because there is no need for Plaintiffs to have this draft. Defendants' privilege objection is **SUSTAINED**.

**Document 4.** The revised privilege log enables the Court to apply the *Warner* factors. The qualified privilege is not overcome because all information about the OLPP rule can be found in OLPP_00000257-307, which Defendants produced to Plaintiffs. Defendants' privilege objection is **SUSTAINED**.

**Document 5.** The Court's analysis is the same as for document 4, except that here the relevant information can be found in the record at OLPP_00003681-85. Defendants' privilege objection is **SUSTAINED**.

**Document 7.** The Court's analysis is the same as for document 1.

**Document 8.** Defendants have now produced a partially redacted version of this document instead of withholding the whole thing. Further, the revised privilege log answers the Court's questions. Defendants' privilege objection is **SUSTAINED**.

**Document 9.** The Court's analysis is the same as for document 8.

3

**Document 10.** The revised privilege log answers the Court's questions. Defendants' privilege objection is **SUSTAINED**.

**Documents 11 and 13.** The Court's analysis is the same as for document 10.

**Document 14.** The Court's analysis is the same as for document 8.

**Document 15.** The Court previously found that the "background" section of this document appeared to have segregable factual information but that the rest was privileged. In response, the government produced a new version of this document that no longer redacts the background section. This is sufficient. Defendants' privilege objection to disclosing the remainder of the document is **SUSTAINED**.

**B.     Defendants documents.**

The Court previously sustained Defendants' privilege objections as to documents 1-7, 9, 10 and 13-15 and ordered Defendants to provide revised privilege log entries for documents 8, 11 and 12.

**Document 8.** The Court previously observed that this document is predecisional and deliberative. However, the Court noted that "the privilege log does not provide enough information to determine (issue A) if factual information in it would reveal the deliberative process, or (issue B) if the qualified privilege is overcome by the *Warner* factors." The revised privilege log entry states: "Clean copy version of draft options rule. All info in this document is available in options rule included in AR at OLPP_00001738." However, a review of OLPP_00001738 reveals that assertion is not even close to true.

Defendants have now had two chances to justify their claim of privilege over this document, and both efforts were unsatisfactory. Further, the Court's prior order emphasized the critical role a privilege log plays in enabling or failing to enable application of the *Warner* factors. Indeed, the Court noted that "[t]urning to the *Warner* factors, a pervasive deficiency is Defendants' failure to provide information sufficient to enable the application of those factors to determine if the privilege can be overcome." ECF No. 97 at 10. One of the key *Warner* factors is whether the information in the withheld document was provided elsewhere in the record, and there is no way for the Court to be able to know that on its own; this information must come from the

4

Defendants.  Further, in reviewing Defendants' revised privilege log, the *in camera* submission, and OLPP_00001738, it doesn't look like there was a typo or confusion.  It seems clear what two documents the Court is being asked to compare – a one page excerpt from the Federal Register and a six page draft rule – and they just don't resemble each other.  When Defendants mean for the Court to examine a multiple-page document, their privilege log lists a Bates range, and their December 2 submission to the Court provided the multiple-page document corresponding to that range.  Here, the privilege log identifies one specific page, and Defendants provided just that one page, so the log is claiming that the information in document 8 is reflected in that page, and it is not.  Defendants have the burden to establish that this document is privileged, and they have failed to carry their burden.  Their privilege objection as to this document is **OVERRULED**.  Defendants must produce it within seven days.

**Document 11.**  Defendants have produced a redacted version of this document instead of withholding the whole thing.  The revised privilege log is satisfactory to justify the redactions.  Defendants' privilege objection to producing the remainder of the document is **SUSTAINED**.

**Document 12.**  The revised privilege log answers the Court's questions.  Defendants' privilege objection is **SUSTAINED**.

**C.     Guidance on Revised Privilege Logs**

Defendants' privilege log contains more than 1,000 entries, and the Court has reviewed only a sample of 30.  For any further revisions of the log necessitated by the Court's ruling on these 30, the Court **ORDERS** Defendants to make them within 30 days.

**IT IS SO ORDERED.**

Dated: March 5, 2020

                                                                        _____
                                                                        THOMAS S. HIXSON
                                                                        United States Magistrate Judge