UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR ENVIRONMENTAL HEALTH, et al.,

Plaintiffs,

v.

SONNY PERDUE, et al.,

Defendants.

Case No. 18-cv-01763-RS (TSH)

**DISCOVERY ORDER**

Re: Dkt. Nos. 106, 109

This is another follow-on order from the Court's November 18, 2019 order concerning the deliberative process privilege. ECF No. 97.

**A.    Plaintiffs' Documents**

**Document 1**. This is a draft form dated September 2014, several years before OLPP was promulgated. The Court previously stated that it had a hard time understanding how this document was deliberative. The description of this document in the prior version of the privilege log was "Form reflecting certain legal analysis of a draft Options Rule." The new description is "Form reflecting preliminary analysis of requirements for Withdrawal Rule pursuant to the Congressional Review Act. All info in this document can be found in the final, dated, and signed version, which has been provided to Plaintiff and will be added to the AR." The first sentence in the description is the justification for why this document falls within the deliberative process privilege, and the second explains why, if the document is privileged, the *Warner* factors do not overcome the privilege. However, the first sentence is inadequate. It conveys no useful information. The Court does not see how producing this document could expose internal agency deliberations. And the second sentence suggests it won't. Defendants' objection to producing this document is **OVERRULED**. They shall produce it within seven days.

**Document 7**. As the Court previously indicated, it's hard to see just by looking at this document how it is deliberative. The amended privilege log description does nothing to explain that either. Defendants' objection to producing this document is **OVERRULED**. They shall produce it within seven days.

**B.     Defendants' Documents**

We're here on a motion for reconsideration as to **Document 8**. The Court previously found this document to be predecisional and deliberative. The question was whether the *Warner* factors overcame the qualified privilege. The previous iteration of the privilege log said that all information in this document was in OLPP_00001738, and because that wasn't true the Court overruled the objection. Defendants now move for reconsideration, saying they made a mistake on the privilege log, and they meant to say that the information was in OLPP_00003679-80, which they have provided to the Court. And it's true, the information is there.

Still, the Court is unhappy about this motion for reconsideration. You see, Defendants' privilege log has more than 1,000 entries on it. Each side picked 15 examples for the Court to review. The Court reviewed those examples and gave general guidance on how Defendants' privilege log should be revised globally. For the 30 examples, where the Court said that the privilege log was insufficient to enable application of the *Warner* factors because, among other reasons, the Court did not know if the factual information in the documents was available to the Plaintiffs elsewhere in the record, the Court is now confirming whether it is. But the Court is only doing that for these examples. For the other 1,000+ entries, there may be many whose amended descriptions also state that the information can be found in a certain place in the record, but all Plaintiffs have to go on is that representation. No one else is double checking Defendants' work. For Defendants to have made a mistake in the tiny handful of examples they knew the Court was going to review does not augur well for the much larger number they know the Court is not reviewing.

Accordingly, Defendants' motion for reconsideration is **GRANTED** and their privilege objection to document 8 is **SUSTAINED**. In addition, the Court **ORDERS** Defendants to double check every privilege log entry where they said information could be found somewhere else in the

record and correct any mistakes within 30 days.

**IT IS SO ORDERED.**

Dated: March 23, 2020

THOMAS S. HIXSON
United States Magistrate Judge