1  Amy van Saun (Pro Hac Vice)
2  George A. Kimbrell (Pro Hac Vice)
   Center for Food Safety
3  2009 NE Alberta St., Suite 207
   Portland, Oregon 97211
4  T: (571) 527-8618
   Emails: avansaun@centerforfoodsafety.org
5  gkimbrell@centerforfoodsafety.org

6  *Attorneys for Plaintiffs*

7  UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8  SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR ENVIRONMENTAL HEALTH *et al.*, | Case No. 3:18-cv-01763-RS |
| Plaintiffs, | |
| v. | **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| THOMAS VILSACK, in his official capacity as Secretary of U.S. Department of Agriculture *et al.*, | |
| Defendants. | |

PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

As further supplemental authority in support of their Motion for Summary Judgment and Opposition to Defendants' Motion for Voluntary Remand Without Vacatur, ECF Nos. 149, 156, Plaintiffs respectfully submit the attached document obtained recently during preparations for the hearing previously scheduled for March 3, 2022. *See* ECF No. 173.

This document is Defendants' Notice of Motion for Voluntary Remand and Memorandum in Support in *Native American Land Conservancy v. Haaland*, No. 5:21-cv-00496-GW-AS (C.D. Cal. Dec. 3, 2021), ECF No. 40. (Attached as van Saun Decl., Exhibit A). Plaintiffs just received this document during preparations for the hearing on the pending motions in this case. van Saun Decl. ¶ 3. In this brief, the Department of Justice, representing Defendants Bureau of Land Management (BLM) *et al.*, requests that the court remand *and vacate* the BLM's decision to grant a right-of-way for a water pipeline. Exhibit A at 1. In so doing, the federal government makes the opposite argument that it makes before this Court regarding the Court's power to vacate a decision when granting voluntary remand. Therefore, it is relevant to the pending Motions.

Specifically, the federal agency in *Native American Land Conservancy* argued:

> If a court grants a voluntary remand, *it should then decide whether the agency's action should be vacated during the remand*. "[W]hen equity demands, the [agency's action] can be left in place while the agency follows the necessary procedures" to correct its action." *Cal. Communities Against Toxics*, 688 F.3d at 992 (quoting *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1405 (9th Cir.1995)).

*Id.* at 12 (emphasis added). Not only did the government in that case argue that the court should use the traditional test for vacatur after deciding to grant a voluntary remand, but it also relied on the Ninth Circuit precedent in *California Communities Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012), as Plaintiffs did here. ECF No. 162 at 24 n.5. *Compare* ECF No. 169 at 6 (claiming that *Cal. Communities* only applied vacatur after finding an action unlawful under the APA), 7 (claiming *Cal. Communities* does not support Plaintiffs' position that vacatur is appropriate with remand even without decision on the merits). The agency in *Native American Land Conservancy*

*Center for Environmental Health et al v. Vilsack et al.*, Case No. 3:18-cv-01763-RS
Plaintiffs' Notice of Supplemental Authority

1

further argued that the court may determine the seriousness of the errors without having a ruling on the merits. Exhibit A at 21-22.

Finally, while in the attached motion for remand the agency expressly admitted error, *id.* at 12-21, here USDA effectively conceded error based on 1) its lack of defense against summary judgment on Plaintiffs' Claims I and II as to the statutory authority and market failure rationales, and 2) its 2020 Decision retaining those rationales (OLPP_REMAND_30242-43, ECF No. 156 at 27) and finding that its cost-benefit analysis, which formed the rest of the economic rationale (Claim II), was fatally flawed. ECF No. 149 at 24-26; 162 at 8-14, 41-45. Accordingly, the attached motion is relevant to the pending motions before this Court.

Respectfully submitted this 25th day of February, 2022.

/s/ Amy van Saun
AMY VAN SAUN (*Pro Hac Vice*)
GEORGE A. KIMBRELL (*Pro Hac Vice*)
Center for Food Safety
2009 NE Alberta St., Suite 207
Portland, Oregon 97211
T: (971) 271-7372
Emails: avansaun@centerforfoodsafety.org
gkimbrell@centerforfoodsafety.org

*Attorneys for Plaintiffs*